UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 3:08-CV-237 CAN ) |
| TEEL'S RESTAURANT INC., *et al.*, | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

On May 15, 2008, Plaintiff, Motorists Mutual Insurance Company ("Motorists"), filed a complaint for declaratory relief in this Court. On August 4, 2009, Motorists filed a motion for partial summary judgment. On August 11, 2009, the parties agreed that discovery should be stayed in this case pending the resolution of Motorists' motion, as the motion addresses the threshold issue regarding whether the Defendant, Dimitrios Apostolis ("Apostolis") has been fully compensated under an insurance contract. On October 1, 2009, Apostolis filed a cross motion for partial summary judgment, addressing the same issue. On October 30, 2009, Motorists filed a response brief in opposition.

**I.    RELEVANT FACTS**

The following facts are taken from the parties' briefs and are largely undisputed for the purposes of the motions. In 1997, Apostolis purchased property in Mentone, Indiana. Thereafter, Apostolis incorporated Teel's, which began operating Teel's Family Restaurant ("Restaurant") on the property. Apostolis was President and CEO of Teel's and was its sole officer.

On September 26, 2006, Apostolis and Teel's entered into a purchase agreement with Argiro Kouskousakis ("Argiro") for the sale of the Restaurant for $200,000.00. The purchase

agreement was in the form of a land contract. Under the terms of the land contract, Apostolis did not require Argiro to provide any down payment but, rather, agreed to accept monthly payments of $3,221.00 per month until the entire purchase price was paid. Apostolis was to transfer the warranty deed to Argiro when the entire purchase price was paid.

Although Argiro purchased the Restaurant, Argiro did not receive money from the restaurant and Argiro's son, Steve Kouskousakis ("Steve"), ran all aspects of the business. Following the sale, the Restaurant's business slowed; and, as a result, Argiro began paying the monthly payments late and missed one payment altogether.

Under the purchase agreement, Argiro was responsible for maintaining insurance on the Restaurant. To this end, the parties agreed that Apostolis would keep his policy with Motorists in effect and would make premium payments through November of 2006. At the time of sale, Teel's Restaurant, Inc. was the only named insured on the policy. Starting in December 2006, however, Argiro was to take over the payment of the insurance policy premiums. Thereafter, when it was time for the policy to renew in September 2007, Argiro's name was to be added to the policy as the named insured. However, in April 2007, five months earlier than the parties had agreed, Steve added Argiro as a named insured to the insurance policy without Apostolis' knowledge or consent.

A few weeks later, on April 17, 2007, the Restaurant was destroyed by a fire, which was later determined to be incendiary in nature. Six weeks later, on June 5, 2007, Apostolis sent Argiro a letter indicating that, due to Argiro's failure to make timely payments, Apostolis considered Argiro to be in default and, therefore, considered the purchase agreement to be terminated.

Subsequently, both Apostolis and Argiro made claims for the fire loss against the policy. On February 28, 2008, Motorists sent to a check to Apostolis in the amount of $188,409.35 for his insured losses. The amount paid was the remaining amount due and owing to Apostolis under the purchase agreement, taking into account to five payments made by Argiro under the land contract.

It is Motorists' position that it has satisfied all of its obligations to Apostolis under the insurance policy. Specifically, Motorists argues that Apostolis is in the position of a contract seller and notes that Teel's Restaurant rather than Apostolis is the named insured on the insurance policy. As such, Motorists argues that Apostolis' recovery under the insurance policy is limited to the amount remaining on the purchase agreement.

In contrast, it is Apostolis' position that, because he is the sole officer of Teel's, he should be considered a named insured under the insurance policy rather than a contract seller. Alternatively, Apostolis argues that, because Argiro was in default of the purchase agreement at the time of the loss, Apostolis was the sole owner of the Restaurant and is eligible for coverage under a separate section of the insurance policy. Under either theory, Apostolis maintains that he is entitled to the full replacement costs under the terms of the insurance policy rather than simply the amount remaining on the purchase agreement.

This Court may now enter its ruling on all pending matters pursuant to the parties' consent and 28 U.S.C. § 636(c).

**II.   ANALYSIS**

    A.    <u>Standard of Review</u>

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party as well to draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the non-moving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

B. Summary Judgment Motions

Motorists asserts that, under the insurance contract, Apostolis is in the position of a contract seller and not that of a named insured. As such, Motorists argues that Apostolis' recovery under the insurance policy is limited to the amount remaining on the purchase agreement. In response, Apostolis asserts that, as sole officer and shareholder of Teel's, his

4

position under the insurance contract is equivalent in identity and status to the named beneficiary on the insurance contract, Teel's Restaurant Inc.

Despite Apostolis' assertions to the contrary, this Court concludes that Apostolis is not a named beneficiary on the contract. To begin, Apostolis' name does not appear anywhere on the contract. Instead, Teel's Restaurant Inc. and Argiro are the only named beneficiaries. Teel's is a registered corporation in the state of Indiana and a distinct legal entity from Apostolis. Although Apostolis is the sole officer of Teel's, this Court concludes that it is not legally possible for Apostolis to claim the protections of the corporate form, in terms of limited liability and tax benefits, for Teel's business operations and also claim that Apostolis is equal in identity to the corporation for purposes of recovering insurance proceeds. Notably, Apostolis presents no law to support this theory. As such, this Court concludes that Apostolis is not a named beneficiary under the contract.

Instead, this Court considers Apostolis's position under the insurance contract to be that of a contract seller. Where, as here, a contract seller is not a named beneficiary, a contract seller is treated like a mortgagee for purposes of recovering insurance proceeds. See Property Owners Ins. Co. v. Hack, 559 N.E.2d 396, 400 (Ind. Ct. App. 1990). Specifically, a mortgagee's interest in insurance proceeds is limited to the extent of the debt secured by the property; and contract sellers are entitled to the amount due on the contract, subject to the insurance policy's limits of liability. Id. As such, this Court concludes that, because Motorists paid Apostolis the amount remaining on the land contract, Motorists appropriately satisfied its obligations to Apostolis under the insurance contract.

In contrast to the law in Hack, in Kempf v. St. Paul Reins. Co. Ltd., it was held that contract sellers that are also named beneficiaries are not limited in their recovery to the proceeds under the contract. Kempf v. St. Paul Reins. Co. Ltd., 872 N.E.2d 162, 166 (Ind. Ct. App. 2007). Apparently recognizing this distinction, Apostolis vehemently contends that he is a named beneficiary and is therefore entitled to payment beyond the remaining proceeds due on the land contract. However, because this Court has determined that Apostolis was not a named beneficiary on the insurance contract, this Court concludes that the narrow distinction in Kempf is not applicable to facts of this case and Apostolis' recovery is limited to the remaining proceeds on the land contract.

Alternatively, Apostolis argues that Argiro was in default of the purchase agreement at the time of the fire and, as a result, he was the "sole owner" of the Restaurant at the time of the fire. As such, Apostolis attempts to claim benefits beyond the amount due under the land contract under a "sole owner" provision of the insurance contract. This Court finds this argument similarly unavailing. First, Apostolis cites language of coverage under the Commercial General Liability Coverage Form of the insurance contract to justify coverage as a sole owner. See Doc. No. 71-8 at 28. However, as Motorists makes clear, this section of the contract provides coverage to the insured only when the insured becomes liable to pay for "bodily injury" or "property damage" to third parties. See Doc. No. 71-8 at 29 (Section I, Coverage A, 1). As such, this Court agrees that the section of the insurance contract does not provide coverage for the type of loss in this case.

However, even assuming that Apostolis has cited an applicable provision of the insurance contract, this Court has already concluded that Apostolis is not a named beneficiary on the

contract; and, therefore, he can not establish coverage under this section as well. In support of his argument, Apostolis cites language in the insurance contract that states, "If you are designated in the Declarations as: an individual, you or your spouse are insureds, but only with respect to the conduct of a business of which are the sole owner." See Doc. No. 71-8 at 36 (internal punctuation omitted).

This Court has found that the corporation Teel's Restaurant Inc. is the named insured on the contract and not Apostolis as an individual. As such, even if Apostolis could factually establish that the other named insured, Argiro, was in default at the time of the fire and the land contract terminated, leaving Apostolis in sole possession of the Restaurant, Apostolis would still not be able to establish coverage as an "individual" under this section because the corporation rather than Apostolis is the named insured. As a result, this Court finds Apostolis' arguments in this regard to be unpersuasive for establishing a right to greater proceeds under the insurance contract.

## II. CONCLUSION

For the aforementioned reasons, this Court concludes that Motorists was correct in treating Apostolis as a contract seller under the insurance contract and awarding him only the amount outstanding on the land contract. Consequently, this Court now **GRANTS** Motorists' partial motion for summary judgment. [Doc. No. 66]. In addition, this Court **DENIES** Apostolis' partial motion for summary judgment. [Doc. No. 70]. The Clerk is instructed to term this case in Motorists' favor.

**SO ORDERED.**

Dated this 20th Day of November, 2009.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge