UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MOTORISTS MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:08-CV-237 CAN |
| | ) |
| TEEL'S RESTAURANT INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On May 15, 2008, Plaintiff, Motorists Mutual Insurance Company ("Motorists"), filed a complaint for declaratory relief in this Court. On August 4, 2009, Motorists filed a motion for partial summary judgment. On October 1, 2009, Apostolis filed a cross motion for partial summary judgment, addressing the same issue. On October 30, 2009, Motorists filed a response brief in opposition. On November 20, 2009, this Court issued an order granting the Plaintiff's motion for partial summary judgment and denying the Defendant's motion for partial summary judgment. On November 30, 2009, Apostolis filed a reply to his motion for partial summary judgment.

On December 16, 2009, Apostolis filed a motion to set aside or reconsider this Courts ruling, requesting that this Court consider Apostolis' reply brief. Specifically, Apostolis argues that the reply brief addresses the issue regarding whether Apostolis was the sole owner of Teel's Restaurant. Apostolis argues that because the contract was rescinded by the contract seller's failure to pay under the contract for sale of Teel's Restaurant, the contract was rescinded at the time of the fire, rendering Apostolis the sole owner for the purpose of recovering under the disputed insurance contract. Because this Court ruled upon the cross motions for summary

judgment prior to the filing of the reply brief, Apostolis infers that the issue of sole ownership was not fully considered.

Motions for reconsideration serve a limited function to correct manifest errors of law. In re Aug., 1993 Regular Grand Jury, 854 F.Supp. 1403, 1407 (S.D. Ind. 1994) (hereinafter ("In re Aug.")).  "While motions to reconsider exist to correct manifest errors of law, they are not appropriate vehicles to again advance arguments already rejected by the court." Id.

Contrary to Apostolis' suggestion, this Court thoroughly addressed the issue of recision and sole ownership in its prior order and will not repeat its analysis in this order.   Additionally, Apostolis' reply brief offers no new arguments regarding this issue that would warrant a change in this Court's analysis or conclusions.  At best, the reply brief merely explains Indiana's  laws regarding recision more fully.   However, this Court concluded in its prior order that it made no legal difference whether Apostolis was the sole owner, as it would not have affected Apostolis' recovery under the insurance contract.  As such, this Court does not consider its failure to consider Apostolis' reply brief before ruling on the cross motions for summary to be a manifest error of law, as it would not have changed this Court's legal analysis.

Consequently, this Court now **DENIES** Apostolis' motion for reconsideration. [Doc. No. 78].

**SO ORDERED.**

Dated this 23rd Day of December, 2009.

 S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge